UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TITO E. MARRERO,**

  **Plaintiff,**

 v.

**WARDEN MILLER, et al.,**

  **Defendants.**

Case No. 2:15-cv-1140
**JUDGE GREGORY L. FROST**
Magistrate Judge Terence P. Kemp

## **OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 10), Plaintiff's memorandum in opposition (ECF No. 12), and Defendants' reply memorandum (ECF No. 14). For the reasons that follow, the Court finds the motion well taken.

### I.   Background

On April 2, 2015, Plaintiff, Tito E. Marrero, filed a complaint against Defendants Warden Michele Miller, Kelly Riehle, Kent Litzenberger, Jay Meager, and Timothy Hess. (ECF No. 1.) The docket indicates that, on that same day, summons were issued. (ECF No. 2.) Later, on April 24, 2015, Defendants filed a motion for an extension of time in which to respond to the complaint. (ECF No. 6.) In this motion, Defendants explained that they thought that Plaintiff had failed to serve any of them properly and that they were seeking an extension only as a precautionary measure to ensure that they were acting in a timely manner. The Magistrate Judge granted the extension. (ECF No. 7.)

Thereafter, on May 1, 2015, the returned executed summons were filed on the docket. (ECF No. 8.) Each receipt indicates that Plaintiff was the sender and lists Plaintiff's address as

1

the recipient of the receipt.  (*Id.* at Page ID # 80, 82, 84, 86, 88.)  Three days later, Plaintiff filed a "Motion to Update Current Service of Complaint" in which he conceded that he erred in perfecting service on Defendants.  (ECF No. 9.)  Plaintiff explained in his filing that Defendants' counsel "is correct about the Complaint not properly being perfected" and noted that it would have been courteous had counsel simply acknowledged service.  Plaintiff also offered a suggestion for remedying perceived service issues.  Eleven days later, Defendant filed a motion to dismiss the complaint for failure to effect proper service.  (ECF No. 10.)  The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 12(b)(4) provides that a party may assert as a defense "insufficient process" while Rule 12(b)(5) provides that a party may assert as a defense "insufficient service of process."  Fed. R. Civ. P. 12(b)(4) & (5).  Discussing these rules, another judicial officer has explained:

> A Rule 12(b)(4) motion "concerns the form of process rather than the manner or method of service . . . [and] is proper only to challenge non-compliance with the provisions of Rule 4." *Ericson v. Pollack*, 110 F.Supp.2d 582, 584 (E.D. Mich. 2000) (internal citations omitted). A Rule 12(b)(5) motion challenges the mode of serving the summons and complaint. *See Nafziger v. McDermott Inter., Inc.*, 467 F.3d 514, 520–21 (6th Cir. 2006).  The procedural requirements for proper service are set-forth in Federal Rule of Civil Procedure 4.

*Garcia v. Rushing*, No. 4:11CV00734, 2012 WL 646061, at *1 (N.D. Ohio Feb. 28, 2012).  The failure to effect proper service pursuant to Rule 4 warrants dismissal under Rule 12(b)(4) and (5).

*See Rayford v. City of Toledo*, 815 F.2d 79, 1987 WL 36283, at *1 (6th Cir. 1987) (unpublished table decision).

### B.  Analysis

The Federal Rules of Civil Procedure provide that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). This Court's Local Civil Rules in turn provide that, "[i]f a party elects to use Ohio certified mail service," then

> the serving party shall address the envelope to the person to be served and shall place a copy of the summons and complaint or other document to be served in the envelope. The . . . serving party shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope and the case number shown in a conspicuous location on the return receipt card. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. The . . . serving party shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.

S.D. Ohio Civ. R. 4.2(a). Thus, Plaintiff, who was prohibited from serving the summons and complaint, was required to indicate that the sender was the Clerk, to include the Clerk's address on the green card, and to have the Clerk mail the summons and complaints. As noted, the docket indicates that Plaintiff instead listed himself as the sender and used his own address. This is insufficient.

Plaintiff attempts to excuse any errors by explaining that he was following the instructions or acting with the approval of the Clerk's office in serving the summons and complaint. He directs this Court to his own affidavit in which he states that he mailed the summons and complaints to Defendants and that the green cards were returned to him. (ECF No.

3

13, at Page ID # 110.) Plaintiff also states that his only error in perfecting service involved the second page of the summons forms.

Plaintiff's explanation and misunderstanding of his service obligations do not excuse his failure to effect service. Assuming Plaintiff's account of his interaction with the Clerk's office to be true, this Court is cognizant that "a plaintiff cannot cite such assurances as an excuse for failing to effect service in a manner permitted by the Rule *even when the assurance comes directly from a court employee*." *Langford v. Yacob*, No. 1:08-CV-836, 2009 WL 3711571, at *5 (W.D. Mich. Nov. 4, 2009). *See also Soni v. Holtzer*, 255 F. App'x 614, 616-17 (3d Cir. 2007). Plaintiff has therefore failed to show good cause under Rule 4(m) for failure to effect proper service within 120 days of the filing of his complaint. Moreover, despite being put on notice of the errors involved here, Plaintiff has taken no steps to correct his errors. The Court declines to exercise its discretion to extend the time for service even without a showing of good cause.

Accordingly, recognizing that Plaintiff has designated his memorandum in opposition as a "motion to overcome" Defendants' motion to dismiss, the Court **DENIES** Plaintiff's motion to overcome. (ECF No. 12.) Instead, the Court **GRANTS** Defendants' motion to dismiss. (ECF No. 10.)

### III. Conclusion

This Court **DENIES** Plaintiff's motion to overcome (ECF No. 12), **GRANTS** Defendants' motion to dismiss (ECF No. 10), and **DISMISSES** the complaint **WITHOUT**

4

**PREJUDICE**.  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE